UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE LUIS CANTERO, <br><br> Plaintiff, <br><br> -against- <br><br> MID-HUDSON PSYCHIATRIC FORENSIC CENTER; ADOBI UNKNOWN, SHTA (TEAM ASSISTANT); JOSEPH UNKNOWN, SHTA (TEAM ASSISTANT), <br><br> Defendants. | 19-CV-11167 (CM) <br><br> ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the filing fees or IFP application. By order dated December 10, 2019, the Court directed Plaintiff to either pay the $400.00 in fees or complete, sign, and submit an IFP application, within thirty days of the date of that order. On January 8, 2020, Plaintiff filed an IFP application (ECF No. 3.)

Plaintiff's IFP application is insufficient to establish that he is unable to pay the filing fees. Plaintiff does not fully answer the questions pertaining to his financial situation. In question 3, Plaintiff checks the boxes indicating that he does not receive income from any of the listed sources, but he fails to complete the question by explaining how he pays his expenses. In question 6, Plaintiff, who resides in Spring Valley, New York, does not answer the question about his housing, transportation, utilities, or other monthly expenses. Because Plaintiff's IFP application does not

supply sufficient information explaining Plaintiff's sources of income, and how he pays his expenses, it is unclear whether Plaintiff has sufficient funds to pay the filing fees for this action.

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 19-CV-11167 (CM), and address the deficiencies indicated above by providing facts establishing that he is unable to pay the filing fees.[1] Plaintiff must answer each question on the amended IFP application, state all sources of income and all monthly expenses, and describe how he is able to support himself. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: March 24, 2020
       New York, New York

                                            COLLEEN McMAHON
                                         Chief United States District Judge

---

[1] For Plaintiff's convenience, an amended IFP application is attached to this order.